MARK HESSEK, Plaintiff, *v.* ELIZABETH McMAHON, Defendant.

Supreme Court, Trial Term, Queens County, October 26, 1955.

*Samuel G. Rabinor* for plaintiff.

*Galli & Locker* for defendant.

STODDART, J.  In this negligence action, tried by the court without a jury, the defendant did not testify but rested on the plaintiff's case.

The plaintiff is the son-in-law of the defendant. He, his wife and son moved into the one-family residence owned by the defendant and the latter lived with them. The plaintiff in his memorandum states that he moved in because " the defendant was very old and needed help around the house both physically and financially." The plaintiff testified that he gave his wife $65 a week to pay for food, the utilities (gas, electric, and coal) and that on occasion he made minor repairs. The plaintiff moved into the premises in August, 1953, and he was allegedly injured on January 1, 1954, when his foot caught in the linoleum near the front door. The linoleum was torn to the plaintiff's knowledge when he moved into the premises. He knew that no one had fixed it and he asked no one to repair it. Instead a rubber mat was thrown over the defect. At some indefinite time on the day of the accident and by whom it is not disclosed, the rubber mat was removed.

Under the circumstances of this case, I do not believe the plaintiff has established his right to a recovery. In the first place, the plaintiff knew that the defendant needed assistance in caring for the house. He knew or should have known that if the defective linoleum was to be repaired, either he or his wife would have to tack it down or to pay for its repair by someone else.

It is contended by the plaintiff that he had the status of a business visitor or invitee, whereas the defendant urges that the plaintiff was a social guest.

The plaintiff cites section 332 of the Restatement of the Law of Torts, as authority for his contention that he was an invitee. That section contains the statement that a member of a family who pays rent or other consideration for his lodging is not a social guest but rather an invitee to whom ordinary care is owed. No New York case in support of that statement is cited. Even if it be assumed that in some situations a member of a family may be entitled to the care due an invitee, the facts here do not warrant such holding. The plaintiff and his family were in possession of the entire premises and the defendant resided with them. The plaintiff was the head of the household. He did not pay any rent to the defendant for the use and occupation of the premises nor had he any agreement with her to provide him with living quarters in return for services to be rendered by him. Whatever moneys were paid (or services performed) by him were for the benefit of his family of which the defendant was a member. No unusual fact existed to vary

the usual rule that a member of a family may not sue for injuries resulting from defects in the premises.

Accordingly as the defendant did not breach any duty of care owed to the plaintiff, and as the plaintiff was contributorily negligent, the complaint is dismissed.

Thirty days' stay; sixty days to make a case.